LHE:DAS
F.# 2018R02126

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>HARBANS CHANDIHOK,<br>  also known as "Papu,"<br><br>Defendant. | I N D I C T M E N T<br>    1:21-cr-00623(DG)(LB)<br>Cr. No. _____<br>(T. 18, U.S.C., §§ 2320(a),<br>  2320(b)(1)(A), 2323(b)(1),<br>  2323(b)(2) and 3551 et seq.;<br>T. 21, U.S.C., § 853(p)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   The Trademark Counterfeiting Act of 1984

      1.     The Trademark Counterfeiting Act of 1984, as amended, criminalized trafficking in counterfeit goods.  Pursuant to Title 18, United States Code, Section 2320(a)(1), it was a crime to intentionally traffic in goods and knowingly use a counterfeit mark in connection with such goods.  Pursuant to Title 18, United States Code, Section 2320(a)(2), it was a crime to intentionally traffic in "labels, . . . emblems, medallions, . . . or packaging of any type or nature, knowing that a counterfeit mark [had] been applied thereto, the use of which was likely to cause confusion, to cause mistake, or to deceive."  Pursuant to Title 15, United States Code, Section 1127, a "mark" included "any trademark."

      2.     Pursuant to Title 15, United States Code, Section 1127, a trademark included "any word, name, symbol, or device, or any combination thereof . . . used by a

person . . . to identify and distinguish his or her goods . . . from those manufactured or sold by others and to indicate the source of the goods."

3. Pursuant to Title 18, United States Code, Section 2320(f)(1)(A), a "counterfeit mark" was a "spurious" mark:

(a) that was used in connection with trafficking in any goods, labels, emblems or packaging of any type or nature;

(b) that was identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office ("USPTO"), and in use;

(c) that was applied to or used in connection with the goods for which the mark was registered with the USPTO; and

(d) the use of which was likely to cause confusion, to cause mistake or to deceive.

4. Pursuant to Title 18, United States Code, Section 2320(f)(5), the term "traffic" meant "to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of."

II. The Rights Holders

5. The following companies (the "Rights Holders") owned trademarks, including the ones described below (collectively, the "Trademarks"):

(a) Salvatore Ferragamo, S.p.A. ("Ferragamo") owned a "Ferragamo" word mark and belt buckle design mark, which were registered on the principal register of the USPTO under registration number 00065;

(b)     Hermes International, S.A. ("Hermes") owned an "Hermes" word mark, which was registered on the principal register of the USPTO under registration number 02-00189. Hermes also owned an "H" design mark on metal fasteners and leather goods, which was registered on the principal register of the USPTO under registration number 11-00586;

(c)     Gucci America, Inc. ("Gucci") owned "GG" marks, which were registered on the principal register of the USPTO under registration number 18-00373;

(d)     Gianni Versace, S.r.l. ("Versace") owned a Medusa Head mark, which was registered on the principal register of the USPTO under registration number 16-00850.

6.     The Rights Holders registered the Trademarks for use on handbags, belts, wallets and other apparel and merchandise. The Rights Holders marked their goods with the Trademarks to distinguish them from their competitors' products and to assure the public of their quality. At no time did any of the Rights Holders authorize, ratify or acquiesce to the use of the Trademarks by the participants in the scheme described below.

III.     The Defendant

7.     The defendant HARBANS CHANDIHOK, also known as "Papu," was a resident of Melville, New York. CHANDIHOK was the Chief Executive Officer of Kamp Accessories, Inc., a business with a New York Department of State process address of 740 Old Country Road, Westbury, New York 11590. CHANDIHOK also owned a retail store named MobileFixNYC located at 740 Old Country Road, Westbury, New York 11590.

IV.     The Counterfeit Goods Scheme

8.     In or about and between 2009 and November 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

4

HARBANS CHANDIHOK participated in a scheme to traffic counterfeit goods for financial gain.

9. In furtherance of the counterfeit goods scheme, the defendant HARBANS CHANDIHOK arranged for the importation of counterfeit goods from outside the United States inside of shipping containers transported into the Port of New York and New Jersey (the "Port"). Once released from the Port, the shipping containers containing the counterfeit goods were transported to CHANDIHOK's store in Westbury, New York, and other locations in New York, where the boxes were unloaded and stored by CHANDIHOK's co-conspirators. CHANDIHOK's co-conspirators then sold the counterfeit goods to customers and remitted a large portion of the unlawful proceeds to CHANDIHOK.

10. The counterfeit goods imported by the defendant HARBANS CHANDIHOK and his co-conspirators included, among other things, belt buckles that bore counterfeit trademarks of Hermes, Gucci, Ferragamo and Versace.

11. The estimated retail value of the counterfeit branded goods imported by the defendant HARBANS CHANDIHOK and his co-conspirators, had they been genuine branded products, was approximately $48 million.

<u>CONSPIRACY TO TRAFFIC IN COUNTERFEIT GOODS</u>

12. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between 2009 and November 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HARBANS CHANDIHOK, also known as "Papu," together with others, did knowingly and intentionally conspire to traffic in goods, to wit: belt buckles and other

5

merchandise, and to use one or more counterfeit marks on and in connection with such goods, contrary to Title 18, United States Code, Section 2320(a)(1).

(Title 18, United States Code, Sections 2320(a), 2320(b)(1)(A) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

14. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in this Indictment, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2323(b)(1) of (a) any article the making or trafficking of which is prohibited under Title 18, United States Code, Section 2320; (b) any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of such offense; and (c) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offense.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2323(b)(2), to seek forfeiture of any other

6

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2323(b)(1) and 2323(b)(2); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2018R02126
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

HARBANS CHANDHOK,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 2320(a), 2320(b)(1)(A), 2323(b)(1), 2323(b)(2) and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____ *Foreperson*

*Filed in open court this* _____ *day, of* _____ *A.D. 20* _____

_____ *Clerk*

*Bail, $* _____

Dylan A. Stern, *Assistant U.S. Attorney (718) 254-6213*